DAY R. WILLIAMS
ATTORNEY AT LAW
Nevada State Bar # 4418
1601 Fairview Dr. #C
Carson City NV 89701-5860
Phone: 775/885-8398
Attorney for Plaintiff
SONDA FOODS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

SONDA FOODS, INC.,

Plaintiff,

v.

BAKERY TECHNOLOGY ENTERPRISES LLC,

Defendant.

______________________________/

Case No. 3:11-cv-589

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

Plaintiff SONDA FOODS, INC., by and through its undersigned attorney, DAY R. WILLIAMS, ATTORNEY AT LAW, alleges as follows:

**JURISDICTION AND PARTIES**

1. This Court has diversity jurisdiction under 28 U.S.C. §1332. The plaintiff and defendant are based in different states. More than $75,000.00 is at issue. This court has personal jurisdiction over Defendant Bakery Technology Enterprises LLC (BTE) due to its contacts with the State of Nevada. Defendant BTE purposefully availed itself of the privilege or conducting activities within the State of Nevada, thus invoking the benefits and protection of Nevada laws.

2. This Court has supplemental jurisdiction over state law claims under 28 U.S.C. §1367.

3. Venue is proper under 28 U.S.C. section 1391 in that the parties reside or do business in the Northern District of Nevada, and the action arises in the Northern District of Nevada.

4. Sonda Foods, Inc. (Sonda) is a Nevada corporation with its principal place of business in Carson City, Nevada, which is in northern Nevada. It is not a debtor in bankruptcy.

5. Bakery Technology Enterprises LLC (BTE) was formed in the State of New Mexico. Its sole member resides in Tennessee. The company has its principal office in Columbia, Tennessee. BTE does business in the State of Nevada. Per the Tennessee Secretary of State, BTE's registered agent is Christopher Roberts, 1240 Industrial Park Road, Columbia, TN 38401.

6. Plaintiff demands a trial by jury.

## FACTS

7. Plaintiff realleges and incorporates the preceding allegations of this Complaint as though they were set forth in full.

8. Sonda and BTE had done business together in the past. On Wednesday, March 23, 2011 Scott Roberts of Bakery Technology Enterprises LLC (BTE) wrote to Dave Marson in Carson City, NV. In relevant part, Scott Roberts' letter stated as follows:

> I have prepared the following for your consideration:
>
> One (1) used Werner-Lehara 100'x1 meter 2 zone duel [sic] burner oven. The following oven includes the following:
>
> A. Control panel checked out, repainted and in good working condition.
> B. 10' of infeed and 10' of discharge[.]
> C. Drive unit with adjustable take-off knife and take-off conveyor. This drive will be repainted and have all guard as required.
> D. Take-up unit. This unit will be cleaned repainted and bearings checked and repaired or replaced as necessary.
> E. Complete working gas trains for all four burners.
> F. Oven will be cleaned inside[,] and outside will be cleaned and polished.
> G. All dampeners will be in proper working order[.]
> H. BTE, LLC will include used oven band[.]
> Price of oven = $153,000.00 F.O.B. from Columbia, TN

(Exhibit 1.)

9. The oven in question is described as a "used 100' Werner-Lahara oven Serial #119266." This description is in an All Food Equipment LLC Financing and Security Agreement of April 2011. (Exhibit 2.)

10. On or about Tuesday, April 5, 2011 Scott Roberts of Defendant BTE sent a letter with similar language to Dave Marson. The letter was marked Quotation #SF110323 in the upper left-hand corner of page 1. (Exhibit 3.)

11. In reliance on the representations by Bakery Technology Enterprises LLC, Sonda Foods, Inc. wire-transferred $100,000.00 (one hundred thousand dollars) to BTE as a deposit on the total purchase price of $153,000.00 (one hundred fifty-three thousand dollars).

12. Thereafter, BTE did nothing to recondition the oven.

13. In letter dated June 22, 2011, Chris Roberts, President, BTE, wrote Dave Marson of Sonda Foods, Inc. (Exhibit 4.) In the letter, Chris Roberts claimed that "if BTE, LLC received the agreed upon funds immediately, all preparations could be completed by the 24th of June, 2011." This representation was false.

14. Sonda requested assurances that BTE was reconditioning the oven as promised in the letters of intent. Sonda requested photographs of the current condition of the oven. BTE did not provide the requested assurances or the current photographs. Sonda requested a guarantee from BTE that the oven would work and a firm shipping date. BTE refused to provide a guarantee or a firm shipping date.

15. In July 2011 Dave Marson, the principal of Sonda Foods, Inc., flew to Columbia, Tennessee to inspect the oven. He was appalled to discover that BTE had done minimal work on the oven, having polished the outside of the oven, despite BTE's material representations to the contrary, representations that the oven was being reconditioned.

16. BTE has breached the parties' contract. BTE has misrepresented material facts.

## BREACH OF CONTRACT

17. Plaintiff realleges and incorporates by reference the preceding allegations of this Complaint as though they were set forth in full.

18. The parties had a valid contract. Defendant BTE has breached the parties' contract. As a proximate cause thereof, Plaintiff has suffered damages and should receive compensation therefor.

## BREACH OF IMPLIED WARRANTY TO PERFORM IN A WORKMANLIKE MANNER

19. Plaintiff realleges and incorporates by reference the preceding allegations of this Complaint as though they were set forth in full.

20. Common law imposes an implied warranty of workmanlike manner, which has been defined as a duty to perform to a reasonably skillful standard.

21. As to the oven, Defendant BTE breached the implied warranty to perform in a workmanlike manner.

22. As a proximate cause thereof, Plaintiff has suffered damages and should receive compensation therefor.

## PROMISSORY ESTOPPEL

23. Plaintiff realleges and incorporates by reference the preceding allegations of this Complaint as though they were set forth in full.

24. Defendant BTE knew the true facts, namely, that BTE had not reconditioned the oven and did not intend to recondition the oven. BTE intended that its conduct in promising to deliver a reconditioned over and in promising a June 2011

shipping date upon receipt of funds should be acted upon. BTE acted in such a way that Sonda reasonably believed BTE would recondition the oven. Sonda was ignorant of the true state of facts. Sonda relied to its detriment on BTE's conduct. As a proximate cause thereof, Sonda suffered damages.

**DECEPTIVE TRADE PRACTICE/ CONSUMER FRAUD**

25. Plaintiff realleges and incorporates by reference the preceding allegations of this Complaint as though they were set forth in full.

26. By writing that it could have all preparations completed for shipping by June 24, 2011, BTE knowingly made a false representation in a transaction.

27. BTE violated NRS 598.0915(15), which states that a person engages in a deceptive trade practice if, in the course of his business or occupation, he knowingly makes any other false representation in a transaction.

28. BTE violated NRS 598.0923(2), which states that a person engages in a deceptive trade practice if, in the course of his business or occupation, he fails to disclose a material fact in connection with the sale of goods.

29. Under NRS 41.600, an action may be brought by any person who is a victim of consumer fraud. "Consumer fraud" includes a deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive.

30. As a proximate cause of BTE's consumer fraud, Sonda suffered damages and should be compensated.

**CONVERSION**

31. Plaintiff realleges and incorporates the preceding allegations of this Complaint.

32. Defendant BTE has wrongfully exerted a distinct act of dominion over

Sonda's $100,000.00 in denial of, or inconsistent with, Plaintiff's rights or in derogation, exclusion, or defiance of such title or rights.

33. Plaintiff Sonda is entitled to an award of damages due to the conversion of Sonda's funds.

**UNJUST ENRICHMENT**

34. Plaintiff realleges and incorporates the preceding allegations of this Complaint.

35. Unjust enrichment occurs whenever an entity has and retains a benefit which in equity and good conscience belongs to another. BTE has and retains a benefit, namely, Sonda's $100,000.00, which in equity and good conscience belongs to another, namely, to Sonda.

36. Sonda should have judgment entered in Sonda's favor and against BTE for the sum of $100,000.00 plus interest.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff pray for the following relief from this honorable Court:

1. For an award of nominal and consequential damages, including Marson's plane fare to Tennessee.

2. For an award of general damages of more than $75,000.00 (seventy-five thousand dollars).

3. For an award of punitive damages.

4. For reasonable attorneys' fees and costs of suit.

5. For pre-judgment interest.

////

////

6. For such other and further relief as this honorable Court deems proper.

DATED this 11th day of August, 2011.

DAY R. WILLIAMS
Nevada Bar # 4418
Attorney at Law
1601 Fairview Dr. #C
Carson City, NV 89701-5860
Phone: 775/885-8398
Attorney for Plaintiff
SONDA FOODS, INC.

## INDEX OF EXHIBITS

1. Scott Roberts' letter to Dave Marson, letter dated Wednesday, March 23, 2011.
2. All Food Equipment LLC Financing and Security Agreement of April 2011.
3. Scott Roberts' letter to Dave Marson, letter dated Tuesday, April 5, 2011.
4. Chris Roberts' letter to Dave Marson, letter dated June 22, 2011.